Alan M. Kindred, SBN 135145
Ivan Posey, SBN 196386
**LEECH TISHMAN FUSCALDO & LAMPL, LLP**
The Walnut Plaza
215 N. Marengo Avenue, Suite 135
Pasadena, CA 91101
Phone: (626) 817-7500
Fax: (626) 304-9723
E-mail: akindred@leechtishman.com
E-mail: iposey@leechtishman.com

Attorneys for Plaintiff
YOLO Medical Inc.

LEECH TISHMAN FUSCLADO & LAMPL, LLP
(626) 817-7500

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| YOLO MEDICAL INC., a British Columbia, Canada, corporation,<br><br>                    Plaintiff,<br><br>vs.<br><br>LILA ENTERPRISE, LLC, a limited liability company; LASER LIPO LIMITED, a United Kingdom corporation; DAVID HALPERN, M.D., F.A.C.S., an individual; CHROMOGENEX US, INC., a Michigan corporation; CHROMOGENEX TECHNOLOGIES LIMITED, a United Kingdom corporation; JON PERLMAN, M.D., an individual; LEONARD GROSSMAN, M.D., an individual; BRANDON ROBINSON, M.D., an individual; LIPOLASER CENTERS OF AMERICA, an unknown entity; ONE SOURCE | CASE NO.<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |
|---|---|

MEDIA, an unknown entity; VB
LASER TRIM CLINIC;  an unknown
entity; STEPHEN RONAN, M.D.,
F.A.C.S., an individual; and DOES 1
through 10, inclusive,

                    Defendants.

Plaintiff YOLO Medical Inc. brings this action against Lila Enterprise, LLC, Laser Lipo Limited, David Halpern, M.D., F.A.C.S., Chromogenex US, Inc., Chromogenex Technologies Limited, Jon Perlman, M.D., Leonard Grossman, M.D., Brandon Robinson, M.D., Lipolaser Centers of America, One Source Media, VB Laser Trim Clinic, Stephen Ronan, M.D., F.A.C.S., and Does 1 through 10, inclusive, and for its claims for relief avers as follows:

## ALLEGATION OF JURISDICTION

1.     This action arises under the patent laws of the United States, 35 U.S.C. §§ 271 and 281.  This Court has jurisdiction over the claims for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

## VENUE

2.     Venue is proper in this judicial District under 28 U.S.C. § 1391 and/or 1400(b) as this action relates to patents.  Wrongful acts of Defendants as averred herein were committed in this judicial district.

## THE PARTIES

3.     Plaintiff YOLO Medical Inc. ("YOLO") is a corporation established and existing under the laws of the province of British Columbia, Canada, with a principal place of business at #245 – 1959 – 152 Street, Surrey, British Columbia, V4A 9E3, Canada.

4.     Defendant Lila Enterprise, LLC ("Lila LLC") is a limited liability company with a known location at 245 Scranton-Carbondale Highway, Dickson City, Pennsylvania 18508.  Lila LLC is the exclusive distributor of the Strawberry Laser, an accused device described herein.

LEECH TISHMAN FUSCALDO & LAMPL, LLP
(626) 817-7500

LEECH TISHMAN FUSCLADO & LAMPL, LLP
(626) 817-7500

5.      Defendant Laser Lipo Limited ("Laser Lipo") is a United Kingdom corporation with a principal place of business at "Heath House," Crockham Hill, Edenbridge, Kent TN8 6ST.  Laser Lipo is the manufacturer of the Strawberry Laser, an accused device described herein.

6.      Defendant David Halpern, M.D., F.A.C.S. ("Dr. Halpern") is an adult individual residing at 91 Martinique Avenue, Tampa, Florida 33606-4027. Dr. Halpern is a distributor of the Strawberry Laser, an accused device described herein.

7.      Lila LLC, Laser Lipo, and Dr. Halpern are collectively referred to herein as the "Strawberry Laser Defendants."

8.      Defendant Chromogenex US, Inc. ("Chromogenex US") is a Michigan corporation with a principal place of business at 500 Woodward Avenue, Suite 2500, Detroit, Michigan 48226.  Chromogenex US is a distributor of the i-Lipo Lasers, accused devices described herein.

9.      Defendant Chromogenex Technologies Limited ("Chromogenex Technologies") is a United Kingdom corporation with an address at Unit 1-2 Heol Rhosyn, Parc Dafen, Llanelli, Carmarthenshire SA14 8QG, United Kingdom. Chromogenex Technologies is the manufacturer of the i-Lipo Lasers, accused devices described herein.

10.     Defendant Jon Perlman, M.D. ("Dr. Perlman") is an adult individual who maintains a place of business at 414 N Camden Drive, FL 8, Beverly Hills, California 90210-4532.  Dr. Perlman is a distributor of the i-Lipo Lasers, accused devices described herein.

11.     Defendant Leonard Grossman, M.D. ("Dr. Grossman") is an adult individual who maintains a place of business at 159 East 74th Street, Suite 1-M, New York, New York 10021.  Dr. Grossman is a distributor of the i-Lipo Lasers, accused devices described herein.

12.     Defendant Brandon Robinson, M.D. ("Dr. Robinson") is an adult

individual with an address at 2020 Capitol Avenue, Sacramento, California 95811. Dr. Robinson is a distributor of the i-Lipo Lasers, accused devices described herein.

13. Defendant Lipolaser Centers of America ("LLCA") is an unknown entity with an address at 2020 Capitol Avenue, Sacramento, California 95811. LLCA is a distributor of the i-Lipo Lasers, accused devices described herein.

14. Defendant One Source Media ("One Source Media") is an unknown entity with an address at 1787 Tribute Road, Sacramento, California 95815. One Source Media is distributor of the i-Lipo Lasers, accused devices described herein.

15. Defendant VB Laser Trim Clinic ("VB Clinic") is an unknown entity with an address at 89 Bloor Street, W #207, Toronto, Ontario 1M1, Canada. VB Clinic is a distributor of the i-Lipo Lasers, accused devices described herein.

16. Defendant Stephen Ronan, M.D., F.A.C.S. ("Dr. Ronan") is an adult individual with an address at 3600 Blackhawk Plaza Circle, Danville, California 94506. Dr. Ronan is a distributor of the i-Lipo Lasers, accused devices described herein.

17. Chromogenex US, Chromogenex Technologies, Dr. Perlman, Dr. Grossman, Dr. Robinson, LLCA, One Source Media, VB Clinic, and Dr. Ronan are collectively referred to herein as the "i-Lipo Defendants."

18. The true names and capacities of Doe Defendants 1 through 10, inclusive, are not known to Plaintiff, and Plaintiff therefore sues them under fictitious names. When the actual identities of Does 1 through 10, inclusive, are determined, Plaintiff intends to amend this Complaint to name such persons. Does 1 through 10, inclusive, participated in one or more of the wrongful acts described herein, and/or are responsible in some way for one or more of the wrongful acts and resulting damages alleged herein. Accordingly, depending on the context in which it is used herein, the term "Defendants" is intended to

include not only Defendants Lila LLC, Laser Lipo, Dr. Halpern, Chromogenex US, Chromogenex Technologies, Dr. Perlman, Dr. Grossman, Dr. Robinson, LLCA, One Source Media, VB Clinic, and Dr. Ronan, but also any other Defendants or any individuals or other entities acting with, on behalf of, or in concert with the named Defendants regarding the matters set forth herein.

## THE PATENTS-IN-SUIT

19.    United States Patent No. 7,959,656, entitled "Adipose Resolve Apparatus for Low-Power Laser" (the "'656 Patent"), was issued by the United States Patent and Trademark Office on June 14, 2011.  A true and correct copy of the '656 Patent is attached hereto as Exhibit "1" and incorporated herein by reference.

20.    United States Patent No. 8,771,326, entitled "Adipose Resolve Apparatus for Low-Power Laser" (the "'326 Patent"), was issued by the United States Patent and Trademark Office on July 8, 2014.  A true and correct copy of the '326 Patent is attached hereto as Exhibit "2" and incorporated herein by reference.

21.    The '656 Patent and the '326 Patent are collectively referred to herein as the "Patents-In-Suit."

22.    YOLO is the owner and assignee of the Patents-In-Suit.

## YOLO'S BUSINESS

23.    YOLO was incorporated in the province of British Columbia, Canada, in or about February 2010.

24.    YOLO is a corporation engaged in the advancement of innovative medical and aesthetic devices to prevent illness, enhance wellness, and promote longer and healthier lives, by, among other things, being an industry leader in non-invasive, pain free, wellness solutions.

25.    In 2011, YOLO officially launched its Curve Lipo Laser (the "YOLO Curve"), which is a 100% non-invasive, low-power laser-based inch loss

LEECH TISHMAN FUSCLADO & LAMPL, LLP
(626) 817-7500

LEECH TISHMAN FUSCLADO & LAMPL, LLP
(626) 817-7500

and body contouring system.   The YOLO Curve is designed to specifically address body contouring through inch loss by directly targeting subcutaneous adipose cells, i.e., fat cells situated under the skin.

26.     The YOLO Curve is patented under the Patents-In-Suit.

27.     The YOLO Curve works by using laser energy to safely penetrate the skin and target specific adipose cells by stimulating the cells into releasing water, fatty acids, and glycerol (often referred to as triglycerides), whereby the adipose cells reduce their overall size resulting in inch loss.

28.     The Patents-In-Suit contain claims relating to low-power laser irradiation of skin surfaces for lipolysis of underlying adipose cells.   More particularly, the Patents-In-Suit contain claims relating to low-power laser applicators, systems comprising the low-power laser applicators, and methods for their use for liquefaction of fats in adipose cells for removal into interstitial spaces, or empty spaces, from which they are removed from a person's body by their normal physiological process.

29.     YOLO provided proper and sufficient notice to the public that the YOLO Curve is patented under the Patents-In-Suit by marking its products with the patent numbers of the Patents-In-Suit and by referring to YOLO's patents on its website.

**THE STRAWBERRY LASER DEFENDANTS' DIRECT INFRINGEMENT, CONTRIBUTORY INFRINGEMENT AND INDUCEMENT OF INFRINGEMENT OF THE PATENTS-IN-SUIT**

30.     Accused devices that are the subject of this action include the Strawberry Laser Defendants' Strawberry Laser (the "Strawberry Laser").   The Strawberry Laser incorporates the invention disclosed in one or more claims of the Patents-In-Suit.

31.     The Strawberry Laser is described on Lila LLC's website as follows: The Strawberry Laser is a low-level laser that stimulates the adipocyte cells.   This results in the breaking down of stored triglycerides into

free fatty acids and glycerol, releasing them via the channels in the cells membranes.   This process does not affect the neighboring structures such as the skin, blood vessels, or nerves.  The process of fatty acid release is how the body uses the stored energy reserves, natural process.   The expelled fat and fluids are released into the interstitial space and transported to the body's lymphatic system.…. The Strawberry Laser does not destroy cells.   The process shrinks cells, causing inch loss in a more natural, non-invasive approach.

See http://mylilabody.com/products/lilas-strawberry-laser-2/; See also www.strawberry-laser.com/strawberry_laser_lipo/file/How-it-works.php.

32.    The Strawberry Laser Defendants are consistently infringing and/or inducing the infringement of the Patents-In-Suit.  Dr. Halpern recently appeared on "The Rachael Ray Show" and "The Doctors" to promote the Strawberry Laser for sale on behalf of the Strawberry Laser Defendants.

33.    The Strawberry Laser Defendants also operate regional offices throughout the United States where the Strawberry Laser is used, sold, offered for sale and/or imported into the United States.

34.    The Strawberry Laser infringes upon one or more claims of the Patents-In-Suit because it uses a laser applicator configured for contacting a portion of a person's body surface and controllably applying a laser irradiation thereto for the purpose of liquefying fats in adipose cells in the subcutaneous region underlying the contacted portion of the body surface, and comprising at least one laser diode selected for emission of power outputs in the range comprising about 10 mW to about 150 mW with light waves in the range of 635 nm to 680 nm, while being communicable and cooperable with a laser control device.

35.    The Strawberry Laser also infringes upon one or more claims of the Patents-In-Suit because the laser applicator comprises a printed circuit board

LEECH TISHMAN FUSCLADO & LAMPL, LLP
(626) 817-7500

LEECH TISHMAN FUSCLADO & LAMPL, LLP
(626) 817-7500

provided with a connector configured for communicating and cooperating with a laser control device, a contact plate configured to cooperate with the printed circuit board with at least one transparent window, at least one laser diode configured to communicate with at least one transparent window in said contact plate, at least one laser diode interposed between the contact plate and the printed circuit board and powered by said printed circuit board, and a housing for containing the printed circuit board, at least one laser diode and the contact plate, and the housing configured to contact at least one transparent window in the contact plate with the person's body surface.

36.    The Strawberry Laser also infringes upon one or more claims of the Patents-In-Suit because the contact plate comprises a material selected from a group comprising stiff materials and flexible resilient materials, the laser applicator is provided with a heat absorption device interposed between the contact plate and the printed circuit board, and the heat absorption device is selected from a group containing a heat absorption plate interposed between the contact plate and the printed circuit board, a heat radiation plate interposed between the contact plate and the printed circuit board, and a thermal interface material coated onto a surface of the contact plate disposed toward the printed circuit board.

37.    The Strawberry Laser also infringes upon one or more claims of the Patents-In-Suit because it has a second laser diode selected for emission of light waves in a second range, wherein light waves of the second range are longer in wavelength than light waves of the first range, and said laser applicator is communicable and cooperable with a laser control device wherein said laser applicator additionally comprises a vacuum suction device configured to engage a target portion of the person's body surface, and wherein the vacuum suction device is configured to controllably provide a suction force to the target portion of the person's body surface concurrently with irradiation by the first laser diode and

second laser diode.

38.    The Strawberry Laser further infringes upon one or more claims of the Patents-In-Suit because the second laser diode is selected for emission of power outputs in the range comprising about 80 mW to about 160 mW with light waves in the range of 780 nm to 980 nm.

**THE I-LIPO DEFENDANTS' DIRECT INFRINGEMENT, CONTRIBUTORY INFRINGEMENT AND INDUCEMENT OF INFRINGEMENT OF THE PATENTS-IN-SUIT**

39.    Accused devices that are the subject of this action include the i-Lipo Defendants' i-Lipo, i-Lipo Ultra, and i-LipoXcell (collectively, the "i-Lipo Lasers"). The i-Lipo Lasers incorporate the invention disclosed in one or more claims of the Patents-In-Suit.

40.    The i-Lipo and i-Lipo Ultra are described on Chromogenex Technologies' website as follows:

i-Lipo is the latest in laser lipolysis. This revolutionary system uses low level lasers for fat reduction, cellulite smoothing and body shaping treatment. It offers you a way to achieve inch loss and body contouring safely and painlessly.

***

i-Lipo uses a clinically-proven technique which stimulates the body's natural response to fat-burning using low-level laser energy, targeting particular areas of the body where excess fat has built up. When the body needs to draw upon stored energy reserves, it releases fatty acids and glycerol to be metabolized and to create energy. The laser treatment stimulates fat cells in the body to begin the process in a controlled way.

Using treatment pads placed on specific areas of the body, the i-Lipo lasers are used to trigger a chemical signal in the fact [sic] cells that breaks down stored triglycerides into free fatty acids and glycerol

LEECH TISHMAN FUSCLADO & LAMPL, LLP
(626) 817-7500

which can be released through channels in the cells membranes….

<u>See</u> www.chromogenex.com/i-lipo/.

41.     The i-LipoXcell is described on Chromogenex Technologies' website as follows:

The i-LipoXcell is the third and most advanced generation of the non-invasive, fat reduction and body contouring technology, i-Lipo….

<u>See</u> www.chromogenex.com/ilipoxcell/.

42.     The i-Lipo Defendants are consistently infringing and/or inducing the infringement of the Patents-In-Suit.

43.     Dr. Perlman recently appeared on "The Doctors" to promote the i-LipoXcell for sale on behalf of the i-Lipo Defendants.

44.     Dr. Grossman recently appeared on the "Dr. Oz Show" to promote the i-LipoXcell for sale on behalf of the i-Lipo Defendants.

45.     Dr. Robinson is the President, CEO and/or President/CEO of both LLCA and One Source Media.

46.     LLCA promotes the i-Lipo Lasers for sale on behalf of the i-Lipo Defendants on its website at http://thelipolaserspa.com/lipo-laser/ by, among other things, describing the i-Lipo Lasers as described above and including links to national television appearances of the i-Lipo Lasers as described above.  LLCA also recently appeared on the "Ricki Lake Show" to promote the i-Lipo for sale on behalf of the i-Lipo Defendnats.

47.     One Source Media promotes the i-Lipo Lasers for sale on behalf of the i-Lipo Defendants through an online public relations site that runs, among other things, social and visual media campaigns on behalf of the i-Lipo Lasers.

48.     VB Clinic promotes and offers for sale the i-Lipo Lasers on behalf of the i-Lipo Defendants by, among other things, selling the i-Lipo Lasers through its online store.  VB Clinic also states on its website that "[w]e are the industry leaders in **iLipo** treatments having performed over **28000 treatments**."  <u>See</u>

LEECH TISHMAN FUSCLADO & LAMPL, LLP
(626) 817-7500

---

COMPLAINT FOR PATENT INFRINGEMENT; DEMAND FOR JURY TRIAL

LEECH TISHMAN FUSCLADO & LAMPL, LLP
(626) 817-7500

http://lasertrimclinic.com/about-us/ (emphasis in original).

49.     Dr. Ronan recently appeared on "The Doctors" to promote the i-LipoXcell for sale on behalf of the i-Lipo Defendants.

50.     The i-Lipo Defendants also promote doctors and offices throughout the United States where the i-Lipo Lasers are used, sold, offered for sale and/or imported into the United States.

51.     The i-Lipo Lasers infringe upon one or more claims of the Patents-In-Suit because they use a laser applicator configured for contacting a portion of a person's body surface and controllably applying a laser irradiation thereto for the purpose of liquefying fats in adipose cells in the subcutaneous region underlying the contacted portion of the body surface, and comprising at least one laser diode selected for emission of power outputs in the range comprising about 10 mW to about 150 mW with light waves in the range of 635 nm to 680 nm, while being communicable and cooperable with a laser control device.

52.     The i-Lipo Lasers also infringe upon one or more claims of the Patents-In-Suit because the laser applicator comprises a printed circuit board provided with a connector configured for communicating and cooperating with a laser control device, a contact plate configured to cooperate with the printed circuit board with at least one transparent window, at least one laser diode configured to communicate with at least one transparent window in said contact plate, at least one laser diode interposed between the contact plate and the printed circuit board and powered by said printed circuit board, and a housing for containing the printed circuit board, at least one laser diode and the contact plate, and the housing configured to contact at least one transparent window in the contact plate with the person's body surface.

53.     The i-Lipo Lasers also infringe upon one or more claims of the Patents-In-Suit because the contact plate comprises a material selected from a group comprising stiff materials and flexible resilient materials, the laser

applicator is provided with a heat absorption device interposed between the contact plate and the printed circuit board, and the heat absorption device is selected from a group containing a heat absorption plate interposed between the contact plate and the printed circuit board, a heat radiation plate interposed between the contact plate and the printed circuit board, and a thermal interface material coated onto a surface of the contact plate disposed toward the printed circuit board.

54.    The i-Lipo Lasers also infringe upon one or more claims of the Patents-In-Suit because they have a second laser diode selected for emission of light waves in a second range, wherein light waves of the second range are longer in wavelength than light waves of the first range, and said laser applicator is communicable and cooperable with a laser control device wherein said laser applicator additionally comprises a vacuum suction device configured to engage a target portion of the person's body surface, and wherein the vacuum suction device is configured to controllably provide a suction force to the target portion of the person's body surface concurrently with irradiation by the first laser diode and second laser diode.

55.    The i-Lipo Lasers further infringe upon one or more claims of the Patents-In-Suit because the second laser diode is selected for emission of power outputs in the range comprising about 80 mW to about 160 mW with light waves in the range of 780 nm to 980 nm.

## FIRST CLAIM FOR RELIEF

### (Direct Infringement, United States Patent No. 7,959,656)

56.    Plaintiff incorporates by reference the averments of Paragraphs 1 through 55 as though fully set forth herein.

57.    Defendants have been and are now making, using, selling, offering for sale within the United States, or importing the Strawberry Laser and the i-Lipo Lasers into the United States, which infringe one or more claims of the '656

LEECH TISHMAN FUSCLADO & LAMPL, LLP
(626) 817-7500

Patent.  The Strawberry Laser and the i-Lipo Lasers are collectively referred to herein as the "Accused Devices."

58.    By so making, using, selling, offering to sell within the United States, or importing the Accused Devices into the United States, Defendants infringed and continue to infringe the '656 Patent, either literally or by equivalents.

59.    Defendants' acts of infringement of the '656 Patent as averred above caused Plaintiff injury, loss and damage, and Plaintiff is entitled to recover damages adequate to compensate it for that infringement, which in no event can be less than a reasonable royalty.

60.    Defendants have been aware of the '656 Patent and their infringement thereof since issuance of the '656 Patent and because YOLO marks the YOLO Curve with its respective patent numbers of the Patents-In-Suit and refers to the Patents-In-Suit on its website.

61.    Despite knowledge of their infringement of the '656 Patent, Defendants continued to infringe that patent.  Defendants therefore willfully infringed the '656 patent.

62.    Due to Defendants' direct infringement of the '656 Patent, YOLO has suffered, is suffering, and will continue to suffer irreparable injury for which YOLO has no adequate remedy at law.   YOLO is therefore entitled to a preliminary and permanent injunction against Defendants' infringing conduct.

## SECOND CLAIM FOR RELIEF

### (Contributory Infringement, United States Patent No. 7,959,656)

63.    Plaintiff incorporates by referenced the averments of Paragraph 1 through 62 as though fully set forth herein.

64.    Defendants have been and are now making, using, selling, offering for sale within the United States, or importing into the United States, the Accused Devices that infringe one or more claims of the '656 Patent.

65.    Defendants either directly or indirectly contributed to the infringement of the '656 Patent by selling, offering for sale within the United States, or importing the Accused Devices into the United States, which infringe one or more claims of the '656 Patent.

66.    With respect to one or more claims of the '656 Patent, and to the extent Defendants are guilty of contributing to the infringement of those claims of the '656 Patent, Defendants have been and are now making, using, selling, offering for sale within the United States, or importing the Accused Devices into the United States, and the only use of the Accused Devices is in the Patents-In-Suit.

67.    Defendants' contributory infringement of the '656 Patent as averred above caused Plaintiff injury, loss and damage, and Plaintiff is entitled to recover damages adequate to compensate it for contributory infringement, which in no event can be less than a reasonable royalty.

68.    Defendants have been aware of the '656 Patent and their infringement thereof since issuance of the '656 Patent and because YOLO marks the YOLO Curve with the patent numbers of the Patents-In-Suit and refers to YOLO's patents on its website.   Despite knowledge of their contributory infringement of the '656 Patent, Defendants continue to contribute to the infringement of the patent.

69.    Due to Defendants' contributory infringement of the '656 Patent, YOLO has suffered, is suffering, and will continue to suffer irreparable injury for which YOLO has no adequate remedy at law.   YOLO is therefore entitled to a preliminary and permanent injunction against Defendants' infringing conduct.

## THIRD CLAIM FOR RELIEF

**(Inducement of Infringement, United States Patent No. 7,959,656)**

70.    Plaintiff incorporates by referenced the averments of Paragraph 1 through 69 as though fully set forth herein.

LEECH TISHMAN FUSCLADO & LAMPL, LLP
(626) 817-7500

71.     Defendants have been and are now making, using, selling, offering for sale within the United States, or importing the Accused Devices into the United States that infringe one or more claims of the '656 Patent.

72.     Defendants either directly or indirectly induced infringement of the '656 Patent by selling, offering for sale within the United States, or importing the Accused Devices into the United States, which infringe one or more claims of the '656 Patent.

73.     With respect to one or more claims of the '656 Patent, and to the extent Defendants are guilty of inducing infringement of those claims of the '656 Patent, Defendants have been and are now making, using, selling, offering for sale within the United States, or importing the Accused Devices into the United States, with knowledge of the Patents-In-Suit.

74.     With respect to one or more claims of the '656 Patent, and to the extent Defendants are guilty of inducing infringement of those claims of the '656 Patent, Defendants have been and are now making, using, selling, offering for sale within the United States, or importing the Accused Devices into the United States, in willful blindness of the Patents-In-Suit.

75.     Defendants' acts of inducement of infringement of the '656 Patent as averred above caused Plaintiff injury, loss and damage, and Plaintiff is entitled to recover damages adequate to compensate it for that infringement, which in no event can be less than a reasonable royalty.

76.     Defendants have been aware of the '656 Patent and their infringement thereof since issuance of the '656 Patent and because YOLO marks the YOLO Curve with the patent numbers of the Patents-In-Suit and refers to YOLO's patents on its website.  Despite knowledge of their infringement of the '656 Patent, Defendants continued to infringe that patent.  Defendants therefore induced infringement of the '656 patent.

77.     Due to Defendants' inducement of infringement of the '656 Patent,

YOLO has suffered, is suffering, and will continue to suffer irreparable injury for which YOLO has no adequate remedy at law.   YOLO is therefore entitled to a preliminary and permanent injunction against Defendants' infringing and/or inducing conduct.

## FOURTH CLAIM FOR RELIEF

### (Direct Infringement, United States Patent No. 8,771,326)

78.   Plaintiff incorporates by referenced the averments of Paragraph 1 through 77 as though fully set forth herein.

79.   Defendants have been and are now making, using, selling, offering for sale within the United States, or importing the Accused Devices into the United States, which infringe one or more claims of the '326 Patent.

80.   By so making, using, selling, offering to sell within the United States, or importing the Accused Devices into the United States, Defendants infringed and continue to infringe the '326 Patent, either literally or by equivalents.

81.   Defendants' acts of infringement of the '326 Patent as averred above caused Plaintiff injury, loss and damage, and Plaintiff is entitled to recover damages adequate to compensate it for that infringement, which in no event can be less than a reasonable royalty.

82.   Defendants have been aware of the '326 Patent and their infringement thereof since issuance of the '326 Patent and because YOLO marks the YOLO Curve with its respective patent numbers of the Patents-In-Suit and refers to the Patents-In-Suit on its website.

83.   Despite knowledge of their infringement of the '326 Patent, Defendants continued to infringe that patent.   Defendants therefore willfully infringed the '326 patent.

84.   Due to Defendants' direct infringement of the '326 Patent, YOLO has suffered, is suffering, and will continue to suffer irreparable injury for which

LEECH TISHMAN FUSCLADO & LAMPL, LLP
(626) 817-7500

YOLO has no adequate remedy at law.  YOLO is therefore entitled to a preliminary and permanent injunction against Defendants' infringing conduct.

### FIFTH CLAIM FOR RELIEF

**(Contributory Infringement, United States Patent No. 8,771,326)**

85.     Plaintiff incorporates by referenced the averments of Paragraph 1 through 84 as though fully set forth herein.

86.     Defendants have been and are now making, using, selling, offering for sale within the United States, or importing into the United States, the Accused Devices that infringe one or more claims of the '326 Patent.

87.     Defendants either directly or indirectly contributed to the infringement of the '326 Patent by selling, offering for sale within the United States, or importing the Accused Devices into the United States, which infringe one or more claims of the '326 Patent.

88.     With respect to one or more claims of the '326 Patent, and to the extent Defendants are guilty of contributing to the infringement of those claims of the '326 Patent, Defendants have been and are now making, using, selling, offering for sale within the United States, or importing the Accused Devices into the United States, and the only use of the Accused Devices is in the Patents-In-Suit.

89.     Defendants' contributory infringement of the '326 Patent as averred above caused Plaintiff injury, loss and damage, and Plaintiff is entitled to recover damages adequate to compensate it for contributory infringement, which in no event can be less than a reasonable royalty.

90.     Defendants have been aware of the '326 Patent and their infringement thereof since issuance of the '326 Patent and because YOLO marks the YOLO Curve with the patent numbers of the Patents-In-Suit and refers to YOLO's patents on its website.  Despite knowledge of their contributory infringement of the '326 Patent, Defendants continue to contribute to the

LEECH TISHMAN FUSCLADO & LAMPL, LLP
(626) 817-7500

infringement of the patent.

91.     Due to Defendants' contributory infringement of the '326 Patent, YOLO has suffered, is suffering, and will continue to suffer irreparable injury for which YOLO has no adequate remedy at law.  YOLO is therefore entitled to a preliminary and permanent injunction against Defendants' infringing conduct.

## SIXTH CLAIM FOR RELIEF

### (Inducement, United States Patent No. 8,771,326)

92.     Plaintiff incorporates by referenced the averments of Paragraph 1 through 91 as though fully set forth herein.

93.     Defendants have been and are now making, using, selling, offering for sale within the United States, or importing the Accused Devices into the United States that infringe one or more claims of the '326 Patent.

94.     Defendants either directly or indirectly induced infringement of the '326 Patent by selling, offering for sale within the United States, or importing the Accused Devices into the United States, which infringe one or more claims of the '326 Patent.

95.     With respect to one or more claims of the '326 Patent, and to the extent Defendants are guilty of inducing infringement of those claims of the '326 Patent, Defendants have been and are now making, using, selling, offering for sale within the United States, or importing the Accused Devices into the United States, with knowledge of the Patents-In-Suit.

96.     With respect to one or more claims of the '326 Patent, and to the extent Defendants are guilty of inducing infringement of those claims of the '326 Patent, Defendants have been and are now making, using, selling, offering for sale within the United States, or importing the Accused Devices into the United States, in willful blindness of the Patents-In-Suit.

97.     Defendants' acts of inducement of infringement of the '326 Patent as averred above caused Plaintiff injury, loss and damage, and Plaintiff is entitled to

LEECH TISHMAN FUSCLADO & LAMPL, LLP
(626) 817-7500

LEECH TISHMAN FUSCLADO & LAMPL, LLP
(626) 817-7500

1 recover damages adequate to compensate it for that infringement, which in no
2 event can be less than a reasonable royalty.

3      98.     Defendants have been aware of the '326 Patent and their
4 infringement thereof since issuance of the '326 Patent and because YOLO marks
5 the YOLO Curve with the patent numbers of the Patents-In-Suit and refers to
6 YOLO's patents on its website.  Despite knowledge of their infringement of the
7 '326 Patent, Defendants continued to infringe that patent.  Defendants therefore
8 induced infringement of the '656 patent.

9      99.     Due to Defendants' inducement of infringement of the '326 Patent,
10 YOLO has suffered, is suffering, and will continue to suffer irreparable injury for
11 which YOLO has no adequate remedy at law.  YOLO is therefore entitled to a
12 preliminary and permanent injunction against Defendants' infringing and/or
13 inducing conduct.

14                    **PRAYERS FOR RELIEF**

15      WHEREFORE, Plaintiff prays for entry of judgment as follows:

16      A.     Declaring that the Defendants have infringed one or more claims of
17 the '656 Patent;

18      B.     Declaring that the Defendants have contributed to the infringement
19 of one or more claims of the '656 Patent;

20      C.     Declaring that the Defendants have induced the infringement of one
21 or more claims of the '656 Patent;

22      D.     That the Defendants account for and pay to Plaintiff all damages
23 caused by their infringement of the '656 Patent, which by statute can be no less
24 than a reasonable royalty;

25      E.     That the Defendants have willfully infringed the '656 patent, and
26 that an award of damages in the highest amount allowed by law be assessed
27 against Defendants for the willful infringement;

28      F.     That Plaintiff be granted its pre-judgment and post-judgment interest

LEECH TISHMAN FUSCLADO & LAMPL, LLP
(626) 817-7500

on the damages caused to them by reason of the Defendants' infringement of the '656 Patent;

G.    That Plaintiff be granted its attorneys' fees in this action for Defendants' infringement of the '656 Patent declaring this case as exceptional entitling Plaintiff to an award of such fees in this action;

H.    That costs be awarded to Plaintiff for Defendants' infringement of the '656 Patent;

I.    That Defendants be preliminarily and permanently enjoined from directly infringing upon the '656 Patent;

J.    That Defendants be preliminarily and permanently enjoined from contributing to the infringement of the '656 Patent;

K.    That Defendants be preliminarily and permanently enjoined from inducing the infringement of the '656 Patent;

L.    Declaring that the Defendants have infringed one or more claims of the '326 Patent;

M.    Declaring that the Defendants have contributed to the infringement of one or more claims of the '326 Patent;

N.    Declaring that the Defendants have induced the infringement of one or more claims of the '326 Patent;

O.    That the Defendants account for and pay to Plaintiff all damages caused by their infringement of the '326 Patent, which by statute can be no less than a reasonable royalty;

P.    That the Defendants have willfully infringed the '326 patent, and that an award of damages in the highest amount allowed by law be assessed against Defendants for the willful infringement;

Q.    That Plaintiff be granted its pre-judgment and post-judgment interest on the damages caused to them by reason of the Defendants' infringement of the '326 Patent;

R.      That Plaintiff be granted its attorneys' fees in this action for Defendants' infringement of the '326 Patent declaring this case as exceptional entitling Plaintiff to an award of such fees in this action;

S.      That costs be awarded to Plaintiff for Defendants' infringement of the '326 Patent;

T.      That Defendants be preliminarily and permanently enjoined from infringing upon the '326 Patent;

U.      That Defendants be preliminarily and permanently enjoined from contributing to the infringement of the '326 Patent;

V.      That Defendants be preliminarily and permanently enjoined from inducing the infringement of the '326 Patent; and

W.      That Plaintiff be granted such other and further relief that is just and proper under the circumstances.

August 19, 2014

_____
Alan M. Kindred
Ivan Posey
LEECH TISHMAN FUSCALDO &
LAMPL, LLP

Attorneys for Plaintiff,
YOLO Medical Inc.

LEECH TISHMAN FUSCLADO & LAMPL, LLP
(626) 817-7500

1

## <u>DEMAND FOR JURY TRIAL</u>

2

3          Pursuant to Rule 38(b), F. R. Civ. P., Plaintiff hereby demands trial by jury

4   on all issues so triable.

5

6

7   August 19, 2014



8          _____

9          Alan M. Kindred
           Ivan Posey

10         LEECH TISHMAN FUSCALDO &
           LAMPL, LLP

11

12         Attorneys for Plaintiff,
           YOLO Medical Inc.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<div style="writing-mode: vertical">LEECH TISHMAN FUSCLADO & LAMPL, LLP
(626) 817-7500</div>